IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUCIA GOMEZ DE LA CRUZ**<br><br>    Plaintiffs<br><br>        VS<br><br>**HOSPITAL INTERAMERICANO DE MEDICINA AVANZADA (HIMA)**<br><br>    Defendants | CIVIL NO:<br><br><br>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; AMERICAN WITH DISABILITIES ACT OF 1990; AGE DISCRIMINATION ACT OF 1967; DISCRIMINATORY PRACTICES UNDER PR ACT 44, 80, 100, 1802 AND 1803<br><br>Plaintiffs Request Trial by Jury |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW the plaintiff, **Lucía Gómez De La Cruz**, through her undersigned attorneys and, very respectfully, ALLEGES, STATES and PRAYS as follows:

**I.  JURISDICTION AND VENUE**

1.1 The present Complaint is brought pursuant to the provisions of the Constitution of the United States of America and the Constitution of the Commonwealth of Puerto Rico; Title VII of The Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000(e)-2(a)(1) et. seq.; the American with Disabilities Act of 1990, 42 U.S.C.A. §1201 et. seq. ("ADA"); the Age Discrimination in employment Act ("ADEA") of 1967, and Puerto Rico's Act No. 44 of

July 2, 1985 (discrimination based on disability), Act No. 100 of June 30, 1959 (discrimination based on age, race, gender, color, religion, matrimony, political ideas, national origin, social condition or origin); Act No. 80 of May 30, 1976 (wrongful dismissal); and Articles 1802 and/or 1803 of the Puerto Rico Civil Code (31 L.P.R.A. §§ 5141 and 5142).

    1.2  Therefore, jurisdiction of this Honorable Court is invoked under 28 USCA §1331.

    1.3  Plaintiff has complied with all jurisdictional prerequisites to action under Title VII, ADA and ADEA as follows:

    a. Gómez filed a Charge of Discrimination, hereinafter "charge", with the Anti-Discrimination Unit of the Puerto Rico Department of Labor and Human Resource , and the Equal Employment Opportunity Commission ("EEOC"), alleging that she had been discriminated in violation of Title VII, ADA, and ADEA.

    b. On December 18, 2014 the EEOC issued the Right to Sue Notice.

    1.4  Venue is proper within the district as the actions and/or omissions complained in the case at bar occurred within the Commonwealth of Puerto Rico.

## II. SUPPLEMENTAL FEDERAL JURISDICTION

    2.1 Supplemental jurisdiction is invoked by the plaintiff to hear and decide pendent claims under Article II, Sections

1,8, 16 and 20 of the Puerto Rico's Constitution and Local Act. No. 44 of July 2, 1985 (discrimination based on disability), Act No. 100 of June 30, 1959 (discrimination based on age, race, gender, color, religion, matrimony, political ideas, national origin, social condition or origin); Act No. 80 of May 30, 1976 (wrongful dismissal); and Articles 1802 and/or 1803 of the Puerto Rico Civil Code (31 L.P.R.A. §§ 5141 and 5142).

### III. PARTIES

3.1 The parties to this case are the following:

a. **Lucía Gómez**, is 62 years old with residential address at 132 Babilon Turnpike Apt. No. 2, Merrick, NY 11566-3574; telephone no. (787) 510-8382. At all times relevant herein, Gómez was an employee of HIMA within the meaning if the applicable statutes, who fulfilled duties for defendants.

b. **Hospital HIMA San Pablo**, with mailing address PO Box 4980, Caguas, PR 00726-4980. At the time of occurrence of the facts pertaining to the present case, Hospital HIMA had an excess of 100 persons employed in Puerto Rico. Hospital HIMA is a corporation authorized to do business in the Commonwealth of Puerto Rico, and who at all relevant times is responsible for the facts alleged in the Complaint.

c. Co-defendant Unknown ABC is a natural person or a corporation authorized to do business in the Commonwealth of Puerto Rico, and who at all relevant times is responsible for

the facts alleged in the Complaint. His/Her identity is unknown. Plaintiff believes that upon initial discovery, the identity of this person will be ascertained, and the caption of the case will be amended for inclusion of the correct co-defendant.

    d. Co-defendant Insurance Company XYZ is upon information and belief, an insurance company providing coverage to any and all co-defendants for the claims alleged herein. At this time, the identity of this insurance company is unknown. However, the Insurance Code of Puerto Rico provides for a direct action against an insurer for the acts of its covered insured. Plaintiff believes that upon initial discovery, the identity of this company will be ascertained, and the caption of the case will be amended for inclusion of the correct co-defendant insurer.

## IV. FACTS COMMON TO ALL CAUSES OF ACTION

    4.1 On 1996, Plaintiff began working for HIMA San Pablo of Caguas, as kitchen cooker.

    4.2 Some of her daily duties were season food, cut the food and ingredients to be used, stir almost 200 pounds of rice and meat, clean the kitchen surfaces, and serve.

    4.3 During her employment at HIMA, Plaintiff had various work related accidents, and as a result of these, she developed different medical conditions.

    4.4 For example, one accident resulted in the amputation

of plaintiff's right hand fingers.

4.5 Also, due to constant temperature changes at her workplace, Plaintiff developed bronchospasms, respiratory infections and other respiratory related conditions.

4.6 Further, having to lift and/or carry heavy objects, caused herniation of plaintiff's lower back discs.

4.7 In light of these conditions, the State Insurance Fund recommended plaintiff to avoid duties requiring her to bend, carry/lift heavy objects and/or repetitive movements.

4.8 The employer was made aware of these recommendations, but no accommodation was provided to Plaintiff.

4.9 Because Plaintiff needed to work, she continued to perform the duties of her position.

4.10 Obviously, Plaintiff's conditions worsened and, reiterating SIF's recommendations, she requested defendant reasonable accommodation.

4.11 However, Plaintiff continued to be object of constant derogatory comments such as: "you do not know how to do your job" and "if you do not like it, sign out and leave".

4.12 Gómez is a qualified individual with a disability within the meaning of ADA.

4.13 As previously described, defendant knew Plaintiff's disability.

4.14 Gómez was qualified, with or without reasonable

accommodation, to perform the essential functions of her job.

4.15 From the first work related injury until the last day of work, Gómez was capable of performing the essential functions of her position as the Hospital's cooker.

4.16 Gómez requested reasonable accommodations on various occasions, informally and formally, but defendants intentionally and in a discriminatory manner refused to accommodate her. Instead, they pressured her to perform duties in direct contravention with medical directives.

4.17 Defendant violated ADA in failing to engage into the required interactive process with Gómez, and failing to reasonably accommodate her disability.

4.18 Defendant also regarded Gómez as having an impairment that substantially limited her at work.

4.19 In the alternative, Gómez was discriminated against for having a record of a health condition and for having informed her employer about her impairment.

4.20 In the alternative, Gómez was discriminated against because her employer regarded her as having such impairment.

4.21 Defendant's conduct evidences its intentional failure to reasonably accommodate Plaintiff.

4.22 Gómez was limited in various major life activities, such as pulling, pushing, bending, lifting, and carrying heavy objects, due to her respiratory, back and amputated finger

conditions.

4.23 Plaintiff was also object of multiple discriminatory comments based on her Dominican race such as "that machine is Dominican", "Dominicans use no panties", "Dominicans do not shave". As a matter of fact, one day a flyer saying "Out Dominicans displacers" was left in the windshield of her car.

4.24 All these discriminatory comments were reported to her superiors, but they did nothing to stop such discrimination.

4.25 On the contrary, one of the employees that used to mock at her because of her national origin, Omar Figueroa, was later appointed her supervisor.

4.26 Obviously, the discriminatory comments and actions against Plaintiff continued, defendant did nothing to stop said conduct, resulting in Plaintiff's major depression.

4.27 Due to defendant's harassment and discrimination, on February 12, 2014 Plaintiff suffered an emotional breakdown at her workplace. Consequently, Plaintiff visited Dr. Israel González, who then referred Plaintiff to Dr. Laracuente, psychiatrist.

4.28 A medical certificate stating Plaintiff's condition and recommending bed-rest was provided at defendant's human resources office.

4.29 On February 17, 2014, Plaintiff returned to work.

4.30 On that same date, Plaintiff requested leave to attend

a medical appointment on February 18, 2014; Defendant granted Plaintiff's medical leave request.

4.31 Plaintiff returned to work on February 19, 2014.

4.32 At the end of said working day, Plaintiff was requested to attend a meeting with Omar Figueroa and Iris Rosario at the human resources' office.

4.33 During said meeting, Plaintiff received a letter terminating her from employment. Defendant did not give any reason or justification for said termination.

4.34 At present, her duties are been performed by employees under 40 years old and/or with less seniority than Plaintiff.

4.34 Plaintiff's highest salary while working for defendant was of $12.25 per hour.

## V. FIRST CAUSE OF ACTION

5.1 This action results from defendants' willful infringement of the dispositions of Title VII of The Civil Rights Act of 1964.

5.2 Defendant is an *employer* and Gómez is an *employee* as defined under Title VII of The Civil Rights Act of 1964.

5.3 The wrongful actions and/or omissions incurred by defendant, as described above, consisted of the discriminatory and unlawful dismissal and/or failure to rehire Gómez due to her national origin.

5.4 Consequently, Plaintiff is entitled to mental and

emotional anguish damages, as well as punitive damages.

5.6  Plaintiff is also entitled to back and front pay.

## VI. SECOND CAUSE OF ACTION
### Violation of ADA and Act No. 44 of July 2, 1985

6.1  Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs and incorporate them herein as if fully set forth.

6.2  Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-17 (Supp. IV 1992), discrimination by covered entities, including private employers, against qualified individuals with a disability. Specifically, it provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42. U.S.C. § 12112(a).

6.3  On the other hand, ADITA, Puerto Rico's anti-disability discrimination statute, is almost identical in text, and surely identical in purpose, to the ADA. In fact, the First Circuit has acknowledged that "Law 44 and the ADA are coterminous." Ruiz-Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76 (1st Cir. 2008), cert. denied 129 S.Ct. 180 (2008) (emphasis added).

6.4 Defendant has willfully discriminated against Gómez on account of her disability. Defendant also failed to reasonably accommodate the same.

6.5 Gómez was qualified to perform the essential functions of her job with or without reasonable accommodation; and she was discharged or otherwise affected by an adverse employment action because of her protected disability.

6.6 Defendant also regarded Gómez as having an impairment that substantially limited her performance at work.

6.7 In the alternative, defendant discriminated against her for having a record of a health condition and for having informed her employer about her impairment.

6.8 In the alternative, Gómez was discriminated against because her employer regarded her as having such impairment.

6.9 As a result of defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, she has suffered damages for future pecuniary losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of enjoyment of life and other intangible injuries and pecuniary losses, for all of which she should be compensated.

6.10 Gómez requests to be compensated as a result of her employer's discriminatory actions, in violation of the ADA and ADITA. To that effect, she claims back pay, front pay,

compensatory damages, punitive damages, emotional damages, liquidated damages, double damages, prejudgment interest, reasonable attorneys fees and court costs, as well as any other remedies available under the mentioned acts.

## VII. THIRD CAUSE OF ACTION
### ADA Retaliation

7.1 Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs and incorporate them herein as if fully set forth.

7.2 Under Section 503 of the ADA, it is unlawful for an employer to discriminate against any employee because that individual has "opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 USC §12203(b). In other words, the ADA prohibits employers from retaliating against employees because they have either participated in any investigation or proceeding under the ADA or because they have opposed the employer's discriminatory practices.

7.3 Defendant retaliated against plaintiff because she requested reasonable accommodation. This, because requesting an accommodation is a protected activity under the ADA.

7.4 Defendant has willfully violated the ADA's provisions by engaging in discriminatory employment practices against Gómez on account of her disability, and in retaliation because she engaged in statutorily protected activity.

7.5 As a result of defendant's actions, plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, she has suffered damages for future pecuniary losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of enjoyment of life and other intangible injuries and pecuniary losses, for all of which she should be compensated.

7.6 As such, defendant is liable and Gómez requests to be compensated for back pay, front pay, compensatory damages, punitive damages, emotional damages, liquidated damages, and any other remedy allowed and/or permitted under the Act. Defendant is also liable for prejudgment interest, reasonable attorneys' fees and court costs.

## VIII. FOURTH CAUSE OF ACTION
## ADEA AND ACT 100

8.1 Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs and incorporate them herein as if fully set forth.

8.2 Among other things, under the ADEA, it is unlawful for an employer to fail or refuse to hire or to discharge any

individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age; and to limit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. Hostile work environment claims are also cognizable under ADEA. Under Act 100, it is also unlawful for an employer to discriminate against an employee due to her age.

8.3 Defendant created a hostile work environment and discriminated against Gómez on account of her age.

8.4 Defendant made offensive age-related remarks and eventually terminated Gómez out of a position she held for over nineteen (19) years, while replacing her with and/or leaving and/or allowing younger employees to perform her functions. Moreover, defendant willfully violated ADEA and Act 100's provisions on account of Gómez' age.

8.5 As a result of defendant's actions, plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, she has suffered damages for future pecuniary losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of enjoyment of life and other intangible injuries and pecuniary losses, for all of which she should be compensated.

8.6 As such, under the ADEA Defendant is liable for back pay, consisting in wages, salary and any benefits Gómez would have earned during the period of discrimination. Given that defendant's conduct was willful, Gómez requests this Honorable Court to grant double damages. Gómez also requests injunctive relief in the form of reinstatement and an order to prevent future discrimination at the hands of HIMA. Shall reinstatement not be viable, Gómez requests the award of front pay to compensate for anticipated future losses under the provisions of the ADEA.

8.7 Gómez further requests the award of compensatory damages allowed under the provisions of Act 100, and the double compensation established in the same. See 29 L.P.R.A.146(a)(1).

8.8 Gómez also requests an award of reasonable attorney's fees, expert witness fees, as well as the reimbursement of other related litigation expenses.

## IX. FIFTH CAUSE OF ACTION
## ADEA-RETALIATION

9.1 Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs and incorporate them herein as if fully set forth.

9.2 The ADEA establishes that it is unlawful for an employer to discriminate against any of his employees or applicants for employment, because such individual, member or

applicant for membership has opposed any practice made unlawful by the statute, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the Act.

9.3 Defendant has willfully violated the ADEA's provisions by engaging in retaliatory employment practices against Gómez on account of her opposition to discriminatory actions taken on account of her age, and for his participation in statutorily protected activity.

9.4 As a result of defendant's actions, plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, she has suffered damages for future pecuniary losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of enjoyment of life and other intangible injuries and pecuniary losses, for all of which she should be compensated.

9.5 As such, Defendant is liable to the Plaintiff in the manner stated above and hereby requests to be compensated as stated.

## X. SIXTH CAUSE OF ACTION
### PUERTO RICO CONSTITUTIONAL RIGHTS

10.1 Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs and

incorporate them herein as if fully set forth.

10.2 Defendant has violated Gómez rights secured under Article II, Sections 1, 8, 16 and 20 of Puerto Rico's Constitution by violating her dignity, privacy, reputation, health at the workplace and for discriminating against her on the basis of her age, disability, national origin and for engaging in statutorily protected actions.

10.3 Plaintiff has suffered considerable economic and personal damages as a result of Defendant's unlawful conduct. Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, she has suffered damages for future pecuniary losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of enjoyment of life and other intangible injuries and pecuniary losses, for all of which she should be compensated.

10.4 As such, Gómez is entitled to the compensation of all damages suffered, including those for mental anguishes and all other stated. Further, Gómez is entitled to double damages. Gómez is also entitled to back pay, including loss of wages and benefits, as well as reinstatement. In the event that reinstatement is not feasible, he requests front pay. Gómez is also entitled to attorneys fees and the recovery of costs and expenses associated with the instant litigation.

## XI. SEVENTH CAUSE OF ACTION

**VIOLATION OF ARTICLES 1802 AND 1803 OF THE PR CIVIL CODE**

11.1 Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs and incorporate them herein as if fully set forth.

11.2 Defendant has, through its own and/or its employees negligent and willful acts, caused Plaintiff' damages. Therefore, it is responsible for the damages suffered by the Plaintiff.

11.3 Plaintiff has suffered considerable economic and personal damages as a result of Defendant's unlawful conduct. She has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, has suffered damages for future pecuniary losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of enjoyment of life and other intangible injuries and pecuniary losses, for all of which she should be compensated.

11.4 Plaintiff is entitled to the compensation of all damages suffered, including those for mental anguishes and all other stated. Plaintiff is also entitled to back pay and front pay. She is also entitled to attorneys' fees and the recovery of costs and expenses associated with the instant litigation.

11.5 In addition, in the event that Defendant denies responsibility for the actions and damages claimed herein,

pursuant to the provisions of Rule 44 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, the Plaintiff would also be entitled to an award of prejudgment and post-judgment interest, to be computed from the amount finally adjudged to Plaintiff, plus a reasonable amount of attorney's fees, due to such obstinate and reckless denial.

## XII. EIGHT CAUSE OF ACTION
### ACT 80, PLAINTIFF'S WRONGFUL TERMINATION

12.1 Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs and incorporate them herein as if fully set forth.

12.2 On February 19, 2014, Defendant terminated Gómez employment without just cause.

12.3 The discharge had no real and just cause; it was a mere pretext motivated by defendant's discriminatory and retaliatory animus.

12.4 Gómez requests the applicable compensation ("severance") according to local Act 80, as cited herein.

### PRAYER

Wherefore, premises considered, plaintiff demands judgment against defendants for the
following:

1. Enter Judgment against defendants in an amount of no less than $2,000,000.00.

2. Award Plaintiff costs, interests, expenses and attorneys fees, as provided by law;

3. Plaintiff request any and all other remedies appropriate under the law or in equity, injunctive relief and any other remedy available;

4. Compensatory damages for Plaintiff in an amount no less than 2,000,000.00;

5. Punitive damages;

6. Back pay;

7. Front pay;

8. Plaintiff request state law remedies of double damages;

9. Preliminary and permanent injunctive relief, enjoining defendants from engaging in such unlawful conduct.

10. The payment of the severance Gómez is entitled to due to her discharge.

11. Plaintiff requests any other remedies available under all the cited statutes.

12. Plaintiff further demands trial by jury on all issues.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this 18th day of March, 2015.

**GONZÁLEZ, & MARTÍNEZ**
Attorneys for Plaintiffs
1509 López Landrón, 7th Floor
San Juan, PR 00911-1933
Tel.: (787) 274-7404
Fax: (787) 726-6333

email : teresaseda@yahoo.com

**S/ Teresa M. Seda Ramos**
**Teresa M. Seda Ramos**
USDCPR 218311

email: jmartinez@fgm-law.com

**S/JUAN M. MARTÍNEZ NEVÁREZ**
**JUAN M. MARTÍNEZ NEVÁREZ**
USDCPR 221108